GREENWICH, The (SCOTT v.). See Case No. 12,531.

GREENWOOD (ALLEN v.). See Case No. 222.

GREENWOOD (HOTCHKISS v.). See Case No. 6,718.

---

## Case No. 5,792.

### GREENWOOD et al. v. RECTOR.

[Hempst. 708.] [1]

Circuit Court, D. Arkansas. April, 1855.

FEDERAL AND STATE COURTS—JURISDICTION FIRST ATTACHING.

1. After the institution of a suit in this court against a defendant, a garnishment subsequently sued out against him in a state court cannot affect it, nor be plead as a defence to the action.

[Cited in Bates v. Days, 11 Fed. 532.]

2. If jurisdiction has once attached, it cannot be divested or impaired by matter occurring subsequently.

[See note at end of case.]

Assumpsit on a bill of exchange. The defendant [Henry M. Rector] plead that since the institution of this suit, a writ of garnishment had been sued out of the Pulaski circuit court of the state of Arkansas and served on him, in respect to the same debt mentioned in the declaration, which was still pending, and prayed to be discharged from this suit; to which plea the plaintiffs [Moses Greenwood and Thomas E. Adams] demurred, on the ground that this suit having been just commenced in this court could not be defeated by any subsequent proceeding in a state court.

S. H. Hempstead, for plaintiffs.

Henry M. Rector, in proper person.

Before DANIEL, Circuit Justice, and RINGO, District Judge.

DANIEL, Circuit Justice. It would certainly be an extraordinary procedure if an action in this court could be defeated by a subsequent proceeding in a state court. Such

a pretension cannot be tolerated. The juris-diction of this court, and the right of the plaintiffs to prosecute their suit therein, having attached, that right certainly cannot be arrested or taken away by any proceedings in another court; for the effect of such a practice would be to produce collision in the jurisdiction of courts, that would embarrass the administration of justice. State courts can no more interfere in our business and proceedings than we can in theirs. The plea cannot be allowed and the demurrer to it must be sustained. Judgment for plaintiffs.

NOTE. Where the suit in one court is commenced prior to the institution of proceedings under attachment in another, such proceedings cannot arrest the suit. Wallace v. McConnell, 13 Pet. [38 U. S.] 151. The commencement of another suit for the same cause of action in the court of another state, since the last continuance, cannot be pleaded in abatement of the original suit. A subsequent suit may be abated by the allegation of the pendency of a prior one; but the converse of the proposition, in personal actions, is never true. Reserver v. Marshall, 1 Wheat. [14 U. S.] 215; Embree v. Hanna, 5 Johns. 101; Haight v. Holley, 3 Wend. 262. A suit having been commenced in the circuit court of the United States is not abated by a subsequent suit in the state court by attachment against the defendant in the first suit who is summoned as garnishee. Jurisdiction having vested in the circuit court it cannot be divested by any subsequent proceeding in a state court. Campbell v. Emerson [Case No. 2,357].